UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
DALE K. COSTELLO, : CASE NO. 1:09-CV-1771
:
       Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 7]
YRC WORLDWIDE, INC., ET AL, :
:
       Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Dale K. Costello moves this Court to remand this action to the Court of Common Pleas for Medina County, Ohio. [Doc. 7.] In requesting remand, Plaintiff Costello argues that removal to this Court was improper because complete diversity of parties did not exist at the time of removal. [*Id.*] Defendants YRC Worldwide, Inc. and YRC, Inc. (collectively "YRC") oppose the Plaintiff's motion, arguing that the case was properly removed because the non-diverse Defendant was fraudulently joined. [Doc. 10].

For the reasons that follow, the Court **GRANTS** Plaintiff Costello's motion and remands this case to state court.

I. Background

In this case, Plaintiff Costello claims that Defendant YRC wrongfully fired Costello in violation of Ohio public policy. Costello also alleges that Defendants defamed him.

Defendant YRC, a Kansas corporation, employed Plaintiff Costello, an Ohio citizen, as a

-1-

Case No. 1:09-CV-1771
Gwin, J.

commercial truck driver from approximately October 2, 2002 until April 22, 2009.[1/] [Doc. 7-1 at 2; Doc. 5 at 1.] In March 2009, Defendant YRC placed Plaintiff Costello on lay-off status. [Doc. 7-1 at 2; Doc. 5 at 2.] However, On April 19, 2009, YRC's dispatcher, Defendant Wojnowski, called Plaintiff Costello and asked him to report to work. [Doc. 7-1 at 2.] While the parties dispute the exact sequence of events taking place that day, they agree that Plaintiff Costello did report to work and did submit to a test for alcohol. [Doc. 7-1 at 2; Doc. 5 at 2.] The test indicated that Plaintiff Costello was impaired. [*Id.*] Plaintiff Costello claims that he told Defendant Wojnowski that he had been drinking earlier that day and was not in a condition to work, but that Defendant Wojnowski insisted that he report to work. [Doc. 7-1 at 2.] As a result of the positive alcohol test, Defendant YRC terminated Plaintiff Costello. [Doc. 7-1 at 2; Doc. 5 at 2.] Plaintiff Costello further alleges that the Defendants made a report to a government transportation data base indicating that the Plaintiff voluntarily appeared at work intoxicated. [Doc. 7-1 at 4.] Plaintiff Costello claims that as a result of the Defendants' report he has lost side driving jobs from other transportation companies who use the data base. [Doc. 7-1 at 3.]

On June 29, 2009, Plaintiff Costello filed a Complaint in the Medina County Court of Common Pleas. [Doc. 1-1.] In the Complaint, Plaintiff Costello alleges that Defendant YRC wrongfully terminated him, violated workplace safety laws, and defamed him. [*Id.*] On July 29, 2009, the Plaintiff amended his Complaint, adding Mike Wojnowski, an Ohio citizen, as a Defendant. [Doc. 7-1.] On July 30, 2009, Defendant YRC removed the case to this Court on the basis of diversity jurisdiction. [Doc. 1.] Plaintiff Costello then moved this Court to remand the case

---

[1/]Defendants indicate that Plaintiff Costello actually began his employment with a corporate predecessor of YRC. [Doc. 5 at 1.]

Case No. 1:09-CV-1771
Gwin, J.

to state court, arguing that this Court lacks jurisdiction.  [Doc. 7.]  Defendant YRC opposes the motion to remand, arguing that Defendant Wojnowski was fraudulently joined to the action. [Doc. 10.]

## II. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A court's subject matter jurisdiction may be based on diversity or federal question jurisdiction.  Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court determines that it lacks diversity or federal question jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. §1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. §1447(d). Remand may be initiated sua sponte or upon motion of a party.  See *City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.,* 484 F.3d 380, 388 n.4 (6th Cir. 2007); *Johnston v. Panther II Transp.,* 2007 WL 2625262, at *1 (N.D. Ohio 2007).

The removing party has the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).  Moreover, removal jurisdiction raises significant federalism concerns. *See Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983).  Federal courts therefore must strictly construe removal jurisdiction.  *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100 (1941). Accordingly, if a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of

Case No. 1:09-CV-1771
Gwin, J.

state court jurisdiction. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.,* 758 F. Supp. 1098, 1102 (D.S.C. 1990).

### III. Analysis

For a defendant to remove a case to federal court based on diversity jurisdiction, complete diversity of citizenship must exist both at the time that the case is commenced and at the time that the notice of removal is filed. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC,* 176 F.3d 904, 907 (6th Cir. 1999). Defendant YRC filed its notice of removal on July 30, 2009, one day after Plaintiff Costello filed his amended complaint adding Defendant Wojnowski. Plaintiff Costello and Defendant Wojnowski are both Ohio citizens. Therefore, complete diversity did not exist on the face of the petition at the time of removal. If Wojnowski is a proper defendant, this Court lacks subject matter jurisdiction. *See Jerome-Duncan,* 176 F.3d at 907.

The Defendants allege that diversity does exist because the Plaintiff fraudulently joined Wojnowski as a defendant. The moving party bears a heavy burden to show the fraudulent joinder of a non-diverse defendant. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir.1989). Specifically, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.1968)). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendant under state law. *Coyne v. Am. Tobacco, Inc.,* 183 F.3d 488, 493 (6th Cir. 1999) (citing *Alexander*, 13 F.3d at 949).

Costello's motive in joining Wojnowski is immaterial to the Court's determination regarding

-4-

Case No. 1:09-CV-1771
Gwin, J.

fraudulent joinder. *Jerome-Duncan*, 176 F.3d at 907. Instead, the Court decides whether Costello has at least a colorable cause of action against Wojnowski in the Ohio state courts. *Id.* The burden of proving fraudulent joinder is on the Defendant. *Id.* Moreover, the Court "must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party." *Coyne*, 183 F.3d at 493 (citing *Alexander*, 13 F.3d at 949).

In this case, the Court finds that Plaintiff Costello has made out "at least a colorable cause of action" against Defendant Wojnowski on his defamation claim. *Jerome-Duncan,* 176 F.3d at 907. Under Ohio law, defamation is a "false publication 'causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business.'" *See Snyder v. AG Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995) (citing *Matalka v. Lagemann*, 21 Ohio App. 3d 134, 136, 486 N.E.2d 1220, 1222 (1985)). To make a claim of defamation of character, a plaintiff must allege (1) the defendant made a false statement, (2) that false statement was defamatory, (3) that false statement was published, (4) the plaintiff was injured, and (5) defendant acted with the required degree of fault. *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 108, 726 N.E.2d 1084, 1088 (1999).

Plaintiff Costello alleges that the Defendants defamed him when they "jointly and severally, [made] a false report to commercial transportation and government data bases" indicating that Plaintiff Costello voluntarily appeared at work intoxicated. [Doc. 7-1 at 4]. The Defendants claim that Plaintiff Costello cannot prevail on his defamation claim against Defendant Wojnowski because he does not allege that Wojnowski individually defamed him and because he does not allege that Wojnowski made a false statement of fact.

The party claiming fraudulent joinder has the burden to show that the plaintiff has no

Case No. 1:09-CV-1771
Gwin, J.

possibility of recovery. Further, the Court must resolve contested issues of fact in the Plaintiff's favor. From the evidence before it, the Court is unable to say that Plaintiff Costello cannot show that Defendant Wojnowski made a false report to the government data base. Furthermore, the Plaintiff has alleged that the report was published to a data base accessible by third parties, and that he was injured by this publication. The Court therefore finds that an arguably reasonable basis does exist under Ohio law for allowing a recovery in a defamation action against Defendant Wojnowski.[2] As such, the Court finds that Defendants do not show that Plaintiff Costello fraudulently joined Defendant Wojnowski. Because both Costello and Wojnowski are Ohio citizens, complete diversity does not exist and this Court lacks jurisdiction over this matter.

IV.  Conclusion

For the foregoing reasons, this Court **GRANTS** the Plaintiff's motion to remand. [Doc. 7.] The Court further **GRANTS** the Plaintiff's motion to deem the Defendant's motion to dismiss moot, as this Court no longer has jurisdiction over the action.

IT IS SO ORDERED.

Dated: September 16, 2009         s/        *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that Defendant Wojnowski was not fraudulently joined as to the defamation claim, it need not consider the validity of the Plaintiff's other claims against Wojnowski.